JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
08 CV 02060

HONG S. HAN, WEN D. LIN, TIAN W. YE, XIAO X.     :
LIAN, LI C. CHEN, and CAI S. CHEN,
                                                  :     Civil No.
                    Plaintiffs,
                                                  :

            v.                                     :

KAWA SUSHI INC., KAWA SUSHI 8 AVENUE, INC.,       :
KAWA SUSHI II, INC., SUSHI A LA KAWA 22, INC.,
YI XIANG CAO, XIN JIE WANG, PING ZHUANG           :
WANG, ZI LI KE, and YI FENG WANG,
                                                  :
                    Defendants.
                                                  :

------------------------------------------------------------ X

<u>**COMPLAINT**</u> 

## <u>**PRELIMINARY STATEMENT**</u>

1.      Plaintiffs are current and former employees of the Kawa Sushi and Sushi A La

Kawa restaurants, owned and operated by the Defendants in Manhattan, New York.

2.      Although Plaintiffs regularly worked in excess of ten hours per day, six days per

week, the Defendants failed to pay Plaintiffs minimum wages, overtime wages, or spread-of-

hours wages as required under federal and New York state law.  In addition, the Defendants

failed to reimburse Plaintiffs for the costs of purchasing and maintaining required delivery

bicycles and other business expenses, in violation of federal and New York state law.

3.      In or about March 2007, Plaintiffs Tian W. Ye, Xiao X. Lian, Li C. Chen, and

Hong S. Han filed labor complaints with the United States Department of Labor (the "DOL")

alleging that the Defendants were violating federal and state labor law.  Upon information and

belief, the Defendants discharged Plaintiffs Tian W. Ye, Xiao X. Lian and Li C. Chen (collectively, the "Retaliation Claim Plaintiffs") as a result of their actual involvement and/or perceived involvement with the DOL complaints, in violation of federal and New York state law.

4.    Upon information and belief, after Kawa Sushi fired the Retaliation Claim Plaintiffs, the retaliation against them continued, including pursuant to a possible conspiracy between the Defendants and the Retaliation Claim Plaintiffs' subsequent employers, non-parties Aki Sushi Restaurant, Inc., Tora Restaurant Corp., and Mikaku Sushi (collectively, the "Subsequent Employers"). Upon information and belief, the Subsequent Employers fired Plaintiffs Tian W. Ye and Li C. Chen from their new positions at the urging of the Defendants and in retaliation for the DOL complaints.

5.    Due to the Defendants' violations of federal and New York state law, Plaintiffs are entitled to: (1) preliminary and permanent injunctions barring the Defendants from further retaliating against them; (2) unpaid minimum wages for hours for which they were paid less than the minimum wage; (3) unpaid overtime wages for hours they worked in excess of forty hours per week but for which they received no overtime wages; (4) spread-of-hours wages for each day in which their shifts spanned more than ten hours; (5) reimbursement for the costs of purchasing and/or maintaining required bicycles and other business expenses; (6) liquidated damages; (7) nominal damages and punitive damages based upon the Defendants' illegal retaliation; (8) costs of this action, together with reasonable attorneys' fees; and (9) all other remedies as prescribed by law.

2

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiffs

9.      Plaintiff Tian W. Ye was employed by the Defendants as a delivery person at Kawa Sushi from approximately May 2005 until he was discharged in March 2007. Mr. Ye was recently reinstated in January 2008.

10.     Plaintiff Xiao X. Lian, Mr. Ye's wife, was employed by the Defendants as a delivery packer at Kawa Sushi from approximately June 2006 until in or about May 2007.

11.     The Defendants constructively discharged Ms. Lian in or about May 2007.

12.     Plaintiff Li C. Chen was employed by the Defendants as a delivery person at Kawa Sushi from approximately September 2006 until he was discharged in August 2007. Mr. Chen was recently reinstated in January 2008.

3

13.     Plaintiff Wen D. Lin was employed by the Defendants as a delivery person at Kawa Sushi from approximately July or August 2005 until he was discharged in May 2006.  Mr. Lin was recently reinstated in January 2008.

14.     Plaintiff Cai S. Chen was employed by the Defendants as a delivery person at Kawa Sushi and Sushi A La Kawa from approximately May 2005 until February 2006.

15.     Plaintiff Hong S. Han was employed by the Defendants as a delivery person at Kawa Sushi during various time periods between approximately July 2005 until approximately April 2007.

## Defendants

16.     Kawa Sushi is owned and operated by Defendants Kawa Sushi Inc., Kawa Sushi 8 Avenue, Inc., Kawa Sushi II, Inc., and Sushi A La Kawa 22, Inc. (collectively, the "Kawa Sushi Corporations"), and is located at 24 Eighth Avenue, New York, New York.

17.     The Kawa Sushi Corporations also own and operate at least two other restaurants in New York.

18.     The Kawa Sushi Corporations own and operate Sushi A La Kawa, which is located at 22 Maiden Lane, New York, New York.

19.     The Kawa Sushi Corporations own and operate Kawa Sushi II, which is located at 25 West Eighth Street, New York, New York.

20.     Defendant Yi Xiang Cao, upon information and belief, is an owner and the chief executive officer of the Kawa Sushi Corporations.

21.    Upon information and belief, at all times relevant to the allegations herein, Defendant Yi Xiang Cao was a manager of Kawa Sushi and had the power to hire and fire Kawa Sushi employees, establish their wages, set their work schedules, and maintain their employment records.

22.    Upon information and belief, at all times relevant to the allegations herein, Defendant Yi Xiang Cao was a manager of Sushi A La Kawa and had the power to hire and fire Sushi A La Kawa's employees, establish their wages, set their work schedules, and maintain their employment records.

23.    Defendant Xin Jie Wang, upon information and belief, is an owner and a shareholder of the Kawa Sushi Corporations.

24.    Upon information and belief, at all times relevant to the allegations herein, Defendant Xin Jie Wang was a manager of Kawa Sushi and had the power to hire and fire Kawa Sushi employees, establish their wages, set their work schedules, and maintain their employment records.

25.    Defendant Ping Zhuang Wang, upon information and belief, is an owner and a shareholder of the Kawa Sushi Corporations.

26.    Upon information and belief, at all times relevant to the allegations herein, Defendant Ping Zhuang Wang was a manager of Kawa Sushi and had the power to hire and fire Kawa Sushi employees, establish their wages, set their work schedules, and maintain their employment records.

5

27.    Defendant Zi Li Ke, upon information and belief, is an owner and a shareholder of the Kawa Sushi Corporations.

28.    Upon information and belief, at all times relevant to the allegations herein, Defendant Zi Li Ke was a manager of Kawa Sushi and had the power to hire and fire Kawa Sushi employees, establish their wages, set their work schedules, and maintain their employment records.

29.    Defendant Yi Feng Wang, upon information and belief, is an owner and a shareholder of the Kawa Sushi Corporations.

30.    Upon information and belief, at all times relevant to the allegations herein, Defendant Yi Feng Wang was a manager of Kawa Sushi and had the power to hire and fire Kawa Sushi employees, establish their wages, set their work schedules, and maintain their employment records.

31.    Upon information and belief, the Kawa Sushi Corporations are at present, and have been at all times relevant to the allegations in the Complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that they (i) have and have had employees engage in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) have and have had an annual gross volume of sales of not less than $500,000.

6

32.     Upon information and belief, Kawa Sushi and Sushi A La Kawa are at present, and have been at all times relevant to the allegations in the Complaint, enterprises engaged in interstate commerce within the meaning of the FLSA in that they (i) have and have had employees engage in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) have and have had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

### Defendants' Violations Of Minimum Wage, Overtime, And Spread-Of-Hours Laws

33.     At all relevant times, the Defendants provided services in New York.

34.     Plaintiffs were employed by the Defendants beginning at various times, as early as approximately May 2005, as described in paragraphs 9 to 15.

35.     The Defendants did not compensate Plaintiffs as required by law.

36.     The FLSA, 29 U.S.C. § 206, required employees to be paid a minimum wage of at least $5.15 per hour prior to July 24, 2007, and a minimum wage of at least $5.85 per hour between July 24, 2007 and the present.

37.     The New York Minimum Wage Act, N.Y. Lab. Law § 652, required employees to be paid a minimum wage of at least $6.00 per hour prior to December 31, 2005, a minimum wage of $6.75 per hour between January 1, 2006 and December 31, 2006, and a minimum wage of $7.15 per hour between January 1, 2007 and the present.

38.    The Defendants paid Plaintiffs wages of approximately $1.70 to $4.40 per hour.

39.    Upon information and belief, the Defendants failed to comply with the law requiring employers to keep records or otherwise ensure that Plaintiffs received the minimum wages.

40.    The Defendants willfully employed Plaintiffs for their services and labor at a rate below the applicable minimum hourly wage, in each case, in violation of the FLSA and the New York Minimum Wage Act.

41.    All Plaintiffs regularly worked in excess of forty hours per week.

42.    Plaintiffs' shifts regularly spanned more than ten hours per day, six days per week, and typically spanned more than twelve hours per day.

43.    The Defendants willfully failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regularly hourly rate, in violation of the FLSA and the New York Minimum Wage Act.

44.    The Defendants willfully failed to pay Plaintiffs an extra hour's pay at the minimum wage ("spread-of-hours wages") for each day Plaintiffs' shifts spanned more than ten hours per day, in violation of the New York Minimum Wage Act.

### Defendants' Unlawful Deductions

45.    Plaintiffs employed as delivery workers were required to use bicycles for deliveries during each shift they worked.

46.    The FLSA and New York Labor Law prohibit employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to his or her employer for such expenses.  29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35; N.Y. Comp. Codes

8

R. & Regs. tit. 12, § 137-2.5(b).

47.     In addition, New York Labor Law prohibits employers from making any deductions from an employee's wages except for those permitted by law. N.Y. Lab. Law § 193(1). Deductions for employer cash shortages and losses are prohibited deductions under New York Labor Law. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5(b).

48.     Defendants required Plaintiff delivery personnel to purchase and maintain bicycles in order to make deliveries. Plaintiffs had to pay for their own maintenance of the bicycles and other business expenses incurred during the course of their work as delivery personnel for Defendants. Defendants did not reimburse Plaintiffs for these costs, in violation of the FLSA and New York Labor Law.

### The DOL Complaints

49.     In or about March 2007, Mr. Ye initiated a complaint with the DOL on behalf of himself and his wife, Plaintiff Xiao X. Lian, alleging that the Defendants were violating federal and state labor law.

50.     Following Mr. Ye's complaint, the DOL contacted other individuals employed by the Defendants, including Plaintiffs Li C. Chen and Hong S. Han, who made additional allegations against the Defendants of federal and state labor law violations.

51.     Upon information and belief, the Defendants learned of the Retaliation Claim Plaintiffs' identities.

9

### Retaliation Against Plaintiff Tian W. Ye

52.    Upon information and belief, after Mr. Ye had filed his DOL complaint, the Defendants fired him in retaliation in or about March 2007.

53.    After the Defendants terminated Mr. Ye, Defendant Xin Jie Wang called him at home on several occasions and warned Mr. Ye that he should not file a lawsuit.

54.    In or about May 2007, Mr. Ye was hired as a delivery person by Mikaku Sushi. Upon information and belief, the Defendants contacted the owners of Mikaku Sushi and urged them to fire Mr. Ye in retaliation for his DOL complaint against the Defendants.  As a result, in or about July or August 2007, Mikaku Sushi fired Mr. Ye.

55.    Mr. Ye was subsequently hired by Tomo Sushi and Sake Bar in or about September 2007.  Upon information and belief, the Defendants contacted the owners of Tomo Sushi and urged them to fire Mr. Ye in retaliation for his DOL complaint against the Defendants.

### Retaliation Against Plaintiff Xiao X. Lian

56.    In or about March 2007, after Mr. Ye had filed the DOL complaint on his own behalf and on behalf of Plaintiff Xiao X. Lian, the Defendants began intimidating and taking other adverse employment actions against Ms. Lian, Mr. Ye's wife and a delivery packer at Kawa Sushi.

57.    In or about May 2007, the Defendants constructively discharged Ms. Lian.  Upon information and belief, the Defendants constructively discharged Ms. Lian in retaliation for her DOL complaint.

### Retaliation Against Plaintiff Li C. Chen

58.    In or about August 2007, the Defendants reduced the scheduled work hours and salar of Plaintiff Li C. Chen.

59.    Upon information and belief, the Defendants reduced Mr. Chen's work hours and salary in retaliation for his DOL complaint.

60.    In or about August 2007, shortly after the Defendants reduced Mr. Chen's hours and salary, they fired him.  Upon information and belief, the Defendants terminated Mr. Chen in retaliation for his DOL complaint.

61.    In or about September 2007, Mr. Chen was hired by Aki Sushi.  Upon information and belief, the Defendants contacted the owners of Aki Sushi and urged them to fire Mr. Chen in retaliation for his DOL complaint against the Defendants.  As a result, in or about September 2007, Aki Sushi fired Mr. Chen.

62.    In or about October 2007, Mr. Chen was hired by Tora Restaurant Corp., doing business as Ido Sushi.  Upon information and belief, the Defendants contacted the owners of Ido Sushi and urged them to fire Mr. Chen in retaliation for his DOL complaint against the Defendants.  As a result, in or about October 2007, Ido Sushi fired Mr. Chen.

### Other Retaliation Against Plaintiffs

63.    In or about February 2008, the Defendants attempted to intimidate and deter Plaintiffs from filing a lawsuit based upon Defendants' violations of federal and state labor laws, including by contacting Plaintiffs' relatives in China.

11

**Failure To Inform Employees Of Wage Provisions, Post the Notices, And Keep Records Required By Law**

64.     Upon information and belief, Defendants willfully failed to inform Plaintiffs of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined pursuant to 29 U.S.C. § 203(m).

65.     The FLSA and New York Labor Law require employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime at a rate of one-and-a-half their regular rate.  29 C.F.R. § 516.4;. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.3.

66.     Upon information and belief, Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay as required under the FLSA and New York Labor Law.  In addition, Defendants failed to display a copy of §§ 193 and 196-d of New York Labor Law regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law. N.Y. Lab. Law § 198-d.

67.     Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiffs' hours and wages in violation of the FLSA and New York Labor Law.  29 U.S.C. § 211(c); N.Y. Lab. Law § 661.

**Knowing And Intentional Acts**

68.     Defendants committed all of the acts alleged herein willfully, knowingly, deliberately, voluntarily, and recklessly.

69.     Defendants willfully failed to compensate Plaintiffs minimum wages, overtime wages, and spread-of-hours wages as required under the FLSA and New York Labor Law.

70.     Defendants knowingly and intentionally required Plaintiffs to pay the restaurants' expenses and/or took unlawful deductions from the Plaintiffs' wages.

71.     Defendants knowingly and intentionally retaliated against Plaintiffs because of their actual and/or perceived involvement with the DOL complaints and a potential lawsuit against the Defendants. These retaliatory actions were committed maliciously and/or in reckless indifference to the Plaintiffs' rights under the FLSA and New York Labor Law.

**FIRST CAUSE OF ACTION**
**Minimum Wages Under the FLSA**
**(All Plaintiffs)**

72.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

73.     At times relevant to this action, the Plaintiffs were employed by the Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

74.     At times relevant to this action, the Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, specifically 29 U.S.C. § 206(a).

13

75.    The Defendants willfully failed to pay the Plaintiffs the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

76.    Due to the Defendants' FLSA violations, the Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**Overtime Wages Under the FLSA**
**(All Plaintiffs)**

77.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

78.    At times relevant to this action, Plaintiffs were employed by the Defendants within the meaning of the FLSA.

79.    At times relevant to this action, the Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, specifically 29 U.S.C § 207(a).

80.    The Defendants willfully failed to pay the Plaintiffs overtime wages at rates at least one and one-half times the regular rate of pay for each hour worked in excess of forty hours per week, in violation of the FLSA, specifically 29 U.S.C. § 207.

81.    Due to the Defendants' FLSA violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the

form of liquidated damages, as well as reasonable attorneys' fees and costs of the action,

including interest, pursuant to the FLSA, specifically 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
**Equipment Purchase & Maintenance And Other Business Expenses Under the FLSA**
**(The Delivery Personnel Plaintiffs)**

82.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs as if fully set forth herein.

83.     Defendants willfully and intentionally required Plaintiffs Tian W. Ye, Li C. Chen,

Wen D. Lin, Cai S. Chen, and Hong S. Han (collectively, the "Delivery Personnel Plaintiffs") to

purchase and maintain bicycles as well as pay for other business expenses required for

Defendants' work such that their compensation was below the minimum wage, in violation of 29

U.S.C.§ 201 et seq., and 29 C.F.R. § 531.35.

84.     Due to Defendants' violations of the FLSA, the Delivery Personnel Plaintiffs are

entitled to recover from Defendants, jointly and severally, damages equal to the amount paid for

the purchase and maintenance of bicycles and other business expenses required for Defendants'

work, to the extent such payments cut into the required minimum or overtime wages, and an

equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs

of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### Retaliation under the FLSA
### (All Plaintiffs)

85.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

86.    At times relevant to this action, Plaintiffs Tian W. Ye, Xiao X. Lian and Li C. Chen (collectively, the "Retaliation Claim Plaintiffs") were engaged in the protected activity of complaining about labor practices made unlawful by the FLSA and/or the Defendants believed that the Retaliation Claim Plaintiffs were engaged in such activity.

87.    As a result of the Retaliation Claim Plaintiffs' protected activities, the Defendants took adverse employment actions against the Plaintiffs, including termination, reduction of hours, and other discrimination.  There was a causal connection between Plaintiffs' protected activities and Defendants' adverse employment actions.

88.    Due to the Defendants' illegal retaliation, the Plaintiffs are entitled to preliminary and permanent injunctions barring the Defendants from any further retaliation.  The Retaliation Claim Plaintiffs are further entitled to recover from the Defendants, jointly and severally, nominal damages and punitive damages based upon the retaliation as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. § 216(b).

16

## FIFTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law
### (All Plaintiffs)

89.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

90.     At times relevant to this action, the Plaintiffs were employed by the Defendants within the meaning of New York Labor Law §§ 2 and 651.

91.     The Defendants willfully failed to pay the Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

92.     Due to the Defendants' New York Labor Law violations, the Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid minimum wages and an amount equal to one quarter of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 663(1).

## SIXTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law
### (All Plaintiffs)

93.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

94.     At times relevant to this action, Plaintiffs were employed by the Defendants within the meaning of New York Labor Law §§ 2 and 651.

95.     The Defendants willfully failed to pay Plaintiffs overtime wages at rates at least one and one-half times the regular rate of pay for each hour worked in excess of forty hours per

17

week, in violation of the New York Minimum Wage Act and its regulations, specifically New York Labor Law § 21(11) and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3.

96.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 663(1).

**SEVENTH CAUSE OF ACTION**
**Spread-of-Hours Pay Under New York Labor Law**
**(All Plaintiffs)**

97.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

98.    The Defendants willfully failed to pay Plaintiffs spread-of-hours wages of an additional hour of pay at the minimum wage for each day Plaintiffs had a spread of hours in excess of ten hours per day, in violation of the New York Labor Law and the New York Minimum Wage Act and its regulations, specifically New York Labor Law § 21(11) and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.6.

99.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, damages in the amount of unpaid spread-of-hours wages and an amount equal to one quarter of their unpaid spread-of-hours wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 663(1).

## EIGHTH CAUSE OF ACTION
### Reimbursement for Required Bicycles Under New York Labor Law
### (Delivery Personnel Plaintiffs)

100.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

101.    Defendants willfully and intentionally made unauthorized deductions from the Delivery Personnel Plaintiffs' wages and/or made Plaintiffs incur expenses in carrying out their duties, by requiring them to purchase and maintain bicycles as well as pay for other business expenses required for Defendants' work, in violation of New York Labor Law § 193(1) and § 198-b and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5.

102.    Due to Defendants' violations of New York Labor Law, the Delivery Personnel Plaintiffs are entitled to recover from Defendants, jointly and severally, their unauthorized deductions and an amount equal to one quarter of their unauthorized deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 198.

## NINTH CAUSE OF ACTION
### Retaliation under New York Labor Law
### (All Plaintiffs)

103.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

104.    At times relevant to this action, the Plaintiffs were employed by the Defendants within the meaning of New York Labor Law §§ 2 and 651.

19

105.    At times relevant to this action, the Retaliation Claim Plaintiffs were engaged in the protected activity of complaining about labor practices made unlawful by the New York Labor Law and/or the Defendants believed that they were engaged in such activity.

106.    As a result of the Retaliation Claim Plaintiffs' protected activities, the Defendants took adverse employment actions against the Plaintiffs, including termination, reduction of hours, and other discrimination.  There was a causal connection between Plaintiffs' protected activities and Defendants' adverse employment actions.

107.    Due to the Defendants' illegal retaliation, the Plaintiffs are entitled to preliminary and permanent injunctions barring the Defendants from further retaliating against them.  The Retaliation Claim Plaintiffs are further entitled to recover from the Defendants, jointly and severally, nominal damages and punitive damages based upon the retaliation as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 215(2).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that judgment be granted:

a.      Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA, New York Minimum Wage Act, and New York Labor Law and their respective regulations;

b.      Awarding Plaintiffs preliminary and permanent injunctions barring the Defendants from further retaliating against them;

c.      Awarding Plaintiffs unpaid minimum wages and unpaid overtime wages due under the FLSA, New York Minimum Wage Act, New York Labor Law, and their respective regulations;

d.      Awarding Plaintiffs spread-of-hours wages due under the New York Minimum Wage Act;

e.      Awarding Plaintiffs compensation for all unauthorized deductions under the FLSA and New York Labor Law;

f.      Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216 and New York Labor Law §§ 198(1-a), 663(1) due to Defendants' willful violation of federal and New York state law;

g.      Awarding the Retaliation Claim Plaintiffs nominal damages and punitive damages due under the FLSA and the New York Labor Law based upon Defendants' illegal retaliation for engaging in protected activities;

h.      Awarding Plaintiffs prejudgment interest; and

i.    Awarding Plaintiffs the costs of this action, together with reasonable attorneys'

fees, and such other and further relief as this Court deems necessary and proper.


Dated:  New York, New York
        February 25, 2008


                              Respectfully submitted,

                              CLEARY GOTTLIEB STEEN & HAMILTON LLP

                              By: _____
                                  Thomas J. Moloney (tmoloney@cgsh.com)

                              One Liberty Plaza
                              New York, New York 10006
                              Telephone:  (212) 225-2000
                              Facsimile: (212) 225-3999

                              URBAN JUSTICE CENTER

                              By: _____
                                  David Colodny (DC-4234)
                                  (dcolodny@urbanjustice.org)

                              123 William Street, 16th Floor
                              New York, NY 10038
                              Telephone: 646-602-5600
                              Facsimile: 212-533-4598

                              Attorneys for Plaintiffs