```
                                               DOC #:
                                               DATE FILED: 4/1/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

HONG S. HAN, WEN D. LIN, TIAN W. YE, XIAO X.
LIAN, LI C. CHEN, and CAI S. CHEN,

          Plaintiffs,

          v.

KAWA SUSHI INC., KAWA SUSHI 8 AVENUE, INC.,
KAWA SUSHI II, INC., SUSHI A LA KAWA 22, INC.,
YI XIANG CAO, XIN JIE WANG, PING ZHUANG
WANG, ZI LI KE, and YI FENG WANG,

          Defendants.

------------------------------------------------------------------- X

SCHEDULING ORDER

08 Civ. 2060 (SAS)

Conference Date: Apr. 1, 2008

SHIRA A. SCHEINDLIN, U.S.D.J.:

       WHEREAS, the Court issued an Order for a Conference in accordance with Federal Rule of Civil Procedure 16(b) on March 14, 2008 (the "Order"); and

       WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

       NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)    The date of the conference is April 1, 2008. Rahul Mukhi and David Colodny are appearing on behalf of Plaintiffs. Jenny Zhao is appearing on behalf of Defendants.

(2)    A concise statement of the issues as they then appear:

    (a) Plaintiffs are six delivery personnel currently and formerly employed by Defendants and are bringing claims for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law for failure to pay the minimum wage, failure to pay overtime, failure to pay "spread of hours" compensation, retaliation for protected activities under the FLSA and New York Labor Law, failure to pay for the costs of work-related expenses, and unauthorized deductions.

    (b) The factual issues to be decided in this case include the number of hours Plaintiffs worked for Defendants, how much Defendants compensated Plaintiffs for their work, whether Defendants retaliated against Plaintiffs as result of their actual and/or perceived

involvement with complaints about Defendants' labor law violations, and whether Defendants failed to reimburse Plaintiffs for any costs Plaintiffs incurred in connection with their work for Defendants. Additional issue is whether Plaintiffs filed false claim for retaliation and defamed the Defendants professionally and individually.

(c) The legal issues to be decided in this case include whether Defendants are liable to Plaintiffs for any violations of the FLSA and the New York Labor Law and the amount of damages Defendants must pay Plaintiffs if Defendants are liable to Plaintiffs, and whether Plaintiff(s) are liable for libel and slander towards the Defendants and the amount of damages Plaintiffs must pay Defendants if Plaintiffs are found liable to Defendants.

(3)   A schedule including:

   (a)   the date that answers will be filed and initial disclosures will be made pursuant to Federal Rule of Civil Procedure 26;

      (i) Defendants will file their answers by April 22, 2008 and Plaintiffs and Defendants will make their initial disclosures by April 30, 2008. Plaintiffs will file a First Amended Complaint and answer or otherwise respond to any counterclaims by May 12, 2008.

   (b)   the names of persons to be deposed and a schedule of planned depositions;

      (i)   Plaintiffs propose to depose Defendants Yi Xiang Cao, Zi Li Ke, Ping Zhuang Wang, Xin Jie Wang, and Yi Feng Wang, a representative(s) of Defendants Kawa Sushi Inc., Kawa Sushi 8 Avenue, Inc., Kawa Sushi II, Inc., and Sushi A La Kawa 22, Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6), representatives of Non-Parties Aki Sushi Restaurant, Inc., Tora Restaurant Corp., and Mikaku Sushi, and any other parties Plaintiffs or Defendants identify as having information relevant to this case by September 15, 2008.

      (ii)   Defendants propose to depose Plaintiffs CAI S. CHEN, LI C. CHEN, HONG S. HAN, XIAO X. LIAN, WEN D. LIN, and TIAN W. YE, pursuant to Federal Rule of Civil Procedure 30(b)(6), representatives of Non-Parties Joy Grill, Aki Sushi Restaurant, Inc., Tora Restaurant Corp., and Mikaku Sushi, and current and/or former employees of Kawa Sushi Inc., Kawa Sushi 8 Avenue, Inc, representative of Non-parties Union that Plaintiffs are or/were members, representatives of Non-parties Department of Labor and National Labor Relations Board, and any other parties Plaintiffs or Defendants identify as having information relavant to this case by September 15, 2008.

 (c) a schedule for the production of documents

  (i) Plaintiffs and Defendants propose to produce all documents in compliance with the Federal Rules of Civil Procedure by July 3, 2008.

 (d) dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

  (i) Plaintiffs do not intend to call upon any expert witness to testify, but reserve the right to do so should the need arise during the course of discovery.

  (ii) Defendants do not intend to call upon any expert witness to testify, but reserve the right to do so should the need arise during the course of discovery.

 (e) time when discovery is to be completed;

  (i) Discovery is to be completed by September 16, 2008.

 (f) the date by which plaintiff will supply its pre-trial order matters to defendant;

  (i) Plaintiffs propose to supply their pre-trial order matters to Defendants on October 1, 2008.

 (g) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

  (i) The parties propose to submit a pre-trial order on October 30, 2008.

 (h) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference: _Sept. 26 at 4:30_ [handwritten]

(4) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

(a) No such discovery issues currently exist.

(5) a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

(a) No such discovery issues currently exist.

(6) anticipated fields of expert testimony, if any;

(a) Plaintiffs do not intend to call upon any expert witness to testify, but reserve the right to do so should the need arise during the course of discovery.

(b) Defendants do not intend to call upon any expert witness to testify, but reserve the right to do so should the need arise during the course of discovery.

(7)   anticipated length of trial and whether to court or jury;

(a) Plaintiffs expect to need three to five days to present their case at trial. Plaintiffs wish to have this case tried without a jury.

(b) Defendants expect to need three to five days to present their case at trial. Defendants wish to have this case tried with a jury.

(8)   the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires.

Dated: New York, New York
       April 1, 2008

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Thomas J. Moloney (tmoloney@cgsh.com)
    Rahul Mukhi (rmukhi@cgsh.com)
    1 Liberty Plaza
    New York, NY 10006
    t: 212.225.2000
    f: 212.225.3999

WONG, WONG & ASSOCIATES P.C.

By: _____
    Jenny Zhao
    (jzhao@wongwonglaw.com)
    150 Broadway, Suite 1588
    New York, NY 10038
    t: 212.566 8080
    f: 212.566.8960

Attorneys for Defendants

URBAN JUSTICE CENTER

By: _____
    David Colodny (dcolodny@urbanjustice.org)
    123 William Street, 16th Floor
    New York, NY 10038
    t: 646.459.3006
    f: 212.533.4598

Attorneys for Plaintiffs

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.        4/1/08