UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HONG S. HAN, WEN D. LIN, TIAN W. YE, XIAO X. LIAN, LI C. CHEN, and CAI S. CHEN,

         Plaintiffs,

    v.

KAWA SUSHI INC., KAWA SUSHI 8 AVENUE, INC., KAWA SUSHI II, INC., SUSHI A LA KAWA 22, INC., YI XIANG CAO, XIN JIE WANG, PING ZHUANG WANG, ZI LI KE, and YI FENG WANG,

         Defendants.

------------------------------------------------------------------X

Civil No. 08 CV 02060

ANSWER TO COMPLAINT

JURY TRIAL DEMANDED

  Defendants KAWA SUSHI INC., KAWA SUSHI 8 AVENUE, INC., KAWA SUSHI II, INC., YI XIANG CAO, XIN JIE WANG, PING ZHUANG WANG, ZI LI KE, and YI FENG WANG (hereinafter sometimes referred to collectively as "Defendants"), by and through their attorneys, WONG, WONG & ASSOCIATES, P.C. answer Plaintiffs' Complaint as follows:

## PRELIMINARY STATEMENT

  1.  Deny each and every allegation set forth in Paragraph 1 of the Complaint, except admit that certain of the Plaintiffs are current employees of Kawa Sushi 8 Avenue Inc.

  2.  Deny each and every allegation set forth in Paragraph 2 of the Complaint.

  3.  Deny each and every allegation set forth in Paragraph 3 of the Complaint except admit upon information and belief that Plaintiffs Tian W. Ye, Xiao X, Lian, LI C,

1

Chen, and Hong S, Han filed labor complaint with United States Department of Labor (the "DOL") in or about June 2007.

4. Deny each and every allegation set forth in Paragraph 4 of the Complaint.

5. Deny each and every allegation set forth in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Deny each and every allegation set forth in paragraph 6 of the Complaint, except admit that Plaintiffs purport to base jurisdiction on the statutes cited therein.

7. Deny each and every allegation set forth in paragraph 7 of the Complaint, except admit that Plaintiffs purport to base supplemental jurisdiction on the statutes cited therein.

8. Deny each and every allegation set forth in paragraph 8 of the Complaint, except admit that Plaintiffs purport to base venue on the statues cited therein.

## THE PARTIES

### Plaintiffs

9. Deny each and every allegation set forth in paragraph 9 of the Complaint except upon information and belief admit that Plaintiff Tian W, Ye is currently employed at Kawa Sushi 8 Avenue Inc.

10. Deny each and every allegation set forth in paragraph 10 of the Complaint except admit that Plaintiff Xiao X Lian, wife of Plaintiff Ye, was a former delivery packer of Kawa Sushi 8 Avenue Inc.

11. Deny each and every allegation set forth in paragraph 11 of the Complaint.

12. Deny each and every allegation set forth in paragraph 12 of the Complaint except admit that Plaintiff Li C, Chen is an employee of Kawa Sushi 8 Avenue Inc.

2

13. Deny each and every allegation set forth in paragraph 13 of the Complaint except admit that Plaintiff Wen D. Lin was a former delivery person of Kawa Sushi Inc. in 2005 and is an employee of Kawa Sushi 8 Avenue Inc.

14. Deny each and every allegation set forth in paragraph 14 of the Complaint except upon information and belief admit that Plaintiff Cai S. Chen was employed by Kawa Sushi Inc. in or about 2005 for a very short period.

15. Deny each and every allegation set forth in paragraph 15 of the Complaint except upon information and belief admit that Plaintiff Hong S. Han was a former delivery person of Kawa Sushi 8 Avenue Inc., from time to time.

**Defendants**

16. Deny each and every allegation set forth in paragraph 16 of the Complaint except admit that Kawa Sushi 8 Avenue Inc. has a registered office at 24, Eighth Avenue, New York, New York.

17. Deny each and every allegation set forth in paragraph 17 of the Complaint.

18. Deny each and every allegation set forth in paragraph 18 of the Complaint.

19. Deny each and every allegation set forth in paragraph 19 of the Complaint.

20. Deny each and every allegation set forth in paragraph 20 of the Complaint except admit that Yi Xiang Cao is a shareholder and officer of Kawa Sushi 8 Avenue Inc.

21. Deny each and every allegation set forth in paragraph 21 of the Complaint except admit that Defendant Yi Xiang Cao is a shareholder and an officer of Kawa Sushu 8 Avenue, Inc.

22. Deny each and every allegation set forth in paragraph 22 of the Complaint except admit that Defendant Yi Xiang Cao has certain duties relating to the administration of its employees of Kawa Sushi 8 Avenue Inc.

23. Deny each and every allegation set forth in paragraph 23 of the Complaint.

24. Deny each and every allegation set forth in paragraph 24 of the Complaint.

25. Deny each and every allegation set forth in paragraph 25 of the Complaint.

26. Deny each and every allegation set forth in paragraph 26 of the Complaint.

27. Deny each and every allegation set forth in paragraph 27 of the Complaint except admit that defendant Zi Li Ke is a shareholder of Kawa Sushi 8 Avenue Inc.

28. Deny each and every allegation set forth in paragraph 28 of the Complaint except admit that defendant Zi Li Ke is a shareholder of Kawa Sushi 8 Avenue Inc.

29. Deny having knowledge or information sufficient to form a belief as to the truth of the matter alleged in paragraph 29, therefore, defendants deny each and every allegation set forth in paragraph 29 of the Complaint.

30. Deny having knowledge or information sufficient to form a belief as to the truth of the matter alleged in paragraph 30, therefore, defendants deny each and every allegation set forth in paragraph 30 of the Complaint.

31. Deny having knowledge or information sufficient to form a belief as to the truth of the matter alleged in paragraph 31, therefore, defendants deny each and every allegation set forth in paragraph 31 of the Complaint.

32. Deny having knowledge or information sufficient to form a belief to the truth of the matter alleged in paragraph 32, therefore, defendants deny each and every allegation set forth in paragraph 32 of the Complaint.

## STATEMENT OF FACTS

### Defendants' Violations Of Minimum Wage, Overtime, And Spread-Of-Hours Laws

33. Deny each and every allegation set forth in paragraph 33 of the Complaint except admit Kawa Sushi 8 Avenue Inc. is operating a business in the State of New York.

34. Deny each and every allegation set forth in paragraph 34 of the Complaint except admit that certain Plaintiffs are current employees of Kawa Sushi 8 Avenue Inc.

35. Deny each and every allegation set forth in paragraph 35 of the Complaint.

36. Deny each and every allegation set forth in paragraph 36 of the Complaint except admit that 29 U.S.C § 206 sets the Federal minimum wages.

37. Deny each and every allegation set forth in paragraph 37 of the Complaint except admit that New York Labor Law § 652 sets the New York State guidelines for minimum wages.

38. Deny each and every allegation set forth in paragraph 38 of the Complaint.

39. Deny each and every allegation set forth in paragraph 39 of the Complaint.

40. Deny each and every allegation set forth in paragraph 40 of the Complaint.

41. Deny each and every allegation set forth in paragraph 41 of the Complaint.

42. Deny each and every allegation set forth in paragraph 42 of the Complaint.

43. Deny each and every allegation set forth in paragraph 43 of the Complaint.

44. Deny each and every allegation set forth in paragraph 44 of the Complaint.

### Defendant's Unlawful Deductions

45. Deny each and every allegation set forth in paragraph 45 of the Complaint.

46. Deny each and every allegation set forth in paragraph 46 of the Complaint except admit that 29 U.S.C § 201 and 29 C.F.R. § 531.35; N.Y Comp. Codes R & Regs tit. 12 § 137-2.5(b) set up the Federal standard for employee reimbursement.

47. Deny each and every allegation set forth in paragraph 47 of the Complaint except admit that New York Lab Law § 193 (1), N.Y Comp. Codes R. & Regs. tit 12 § 137-2.5(b) set up the State standard for employee reimbursement.

48. Deny each and every allegation set forth in paragraph 48 of the Complaint.

## The DOL Complaints

49. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 49, therefore, defendants deny each and every allegation set forth in paragraph 49 of the Complaint.

50. Deny having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 50, therefore, defendants deny each and every allegation set forth in paragraph 50 of the Complaint.

51. Deny each and every allegation set forth in paragraph 51 of the Complaint.

## Retaliation Against Plaintiff Tian W. Ye

52. Deny each and every allegation set forth in paragraph 52 of the Complaint.

53. Deny each and every allegation set forth in paragraph 53 of the Complaint.

54. Deny each and every allegation set forth in paragraph 54 of the Complaint.

55. Deny each and every allegation set forth in paragraph 55 of the Complaint.

## Retaliation Against Plaintiff Xiao X, Lian

56. Deny each and every allegation set forth in paragraph 56 of the Complaint.

57. Deny each and every allegation set forth in paragraph 57 of the Complaint.

### Retaliation Against Plaintiff Li C. Chen

58. Deny each and every allegation set forth in paragraph 58 of the Complaint.

59. Deny each and every allegation set forth in paragraph 59 of the Complaint.

60. Deny each and every allegation set forth in paragraph 60 of the Complaint.

61. Deny each and every allegation set forth in paragraph 61 of the Complaint.

62. Deny each and every allegation set forth in paragraph 62 of the Complaint.

### Other Retaliation Against Plaintiffs

63. Deny each and every allegation set forth in paragraph 63 of the Complaint.

### Failure To Inform Employees Of Wage Provisions, Post the Notices, And Keep Records Required By Law

64. Deny each and every allegation set forth in paragraph 64 of the Complaint.

65. Deny each and every allegation set forth in paragraph 65 except admit that 29 C.F.R § 516.4; N.Y Comp. Codes R & Regs tit 12 § 137-2.3 set forth duty of employers under Federal law and New York State law.

66. Deny each and every allegation set forth in paragraph 66 of the Complaint.

67. Deny each and every allegation set forth in paragraph 67 of the Complaint.

### Knowing And Intentional Acts

68. Deny each and every allegation set forth in paragraph 68 of the Complaint.

69. Deny each and every allegation set forth in paragraph 69 of the Complaint.

70. Deny each and every allegation set forth in paragraph 70 of the Complaint.

71. Deny each and every allegation set forth in paragraph 71 of the Complaint.

### FIRST CAUSE OF ACTION
### Minimum Wages Under the FLSA
### (All Plaintiffs)

72. Repeat and reallege each and every response to the allegations set forth in paragraph 1 through 71 of the Complaint, inclusive, as if fully set forth herein.

73. No response is required to the allegations set forth in paragraph 73 of the Complaint to the extent they call for a legal conclusion. Defendants, therefore, deny each and every allegation set forth in paragraph 73 of the Complaint.

74. No response is required to the allegations set forth in paragraph 74 of the Complaint to the extent they call for a legal conclusion; therefore, defendants deny each and every allegation set forth in paragraph 74 of the Complaint.

75. Deny each and every allegation set forth in paragraph 75 of the Complaint.

76. Deny each and every allegation set forth in paragraph 76 of the Complaint.

### SECOND CAUSE OF ACTION
### Overtime Wages Under the FLSA
### (All Plaintiffs)

77. Repeat and reallege each and every response to the allegations set forth in paragraph 1 through 76 of the Complaint, inclusive, as if fully set forth herein.

78. No response is required to the allegations set forth in paragraph 78 of the Complaint to the extent they call for a legal conclusion; therefore, defendants deny each and every allegation set forth in paragraph 78 of the Complaint.

79. No response is required to the allegations set forth in paragraph 79 of the Complaint to the extent they call for a legal conclusion; therefore, defendants deny each and every allegation set forth in paragraph 79 of the Complaint.

80. Deny each and every allegation set forth in paragraph 80 of the Complaint.

81. Deny each and every allegation set forth in paragraph 81 of the Complaint.

### THIRD CAUSE OF ACTION
### Equipment Purchase & Maintenance And Other Business Expenses Under the FLSA
### (The Delivery Personal Plaintiffs)

82.     Repeat and reallege each and every response to the allegations set forth in Paragraph 1 through 81 of the Complaint, inclusive, as if fully set forth herein.

83.     Deny each and every allegation set forth in paragraph 83 of the Complaint.

84.     Deny each and every allegation set forth in paragraph 84 of the Complaint.

### FOURTH CAUSE OF ACTION
### Retaliation Under the FLSA
### (All Plaintiffs)

85.     Repeat and reallege each and every response to the allegations set forth in Paragraph 1 through 84 of the Complaint, inclusive, as if fully set forth herein.

86.     Deny having knowledge or information sufficient to form a belief as to the truth of the matter alleged in paragraph 86 of the Complaint; therefore, defendants deny each and every allegation set forth in paragraph 86 of the Complaint.

87.     Deny each and every allegation set forth in paragraph 87 of the Complaint.

88.     Deny each and every allegation set forth in paragraph 88 of the Complaint.

### FIFTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law
### (All Plaintiffs)

89.     Repeat and reallege each and every response to the allegations set forth in Paragraph 1 through 89 of the Complaint, inclusive, as if fully set forth herein

90.     No response is required to the allegation set forth in paragraph 90 of the Complaint to the extent that they call for a legal conclusion; therefore, defendants deny each and every allegation set forth in paragraph 90 of the Complaint.

91.  Deny each and every allegation set forth in paragraph 91 of the Complaint.

92.  Deny each and every allegation set forth in paragraph 92 of the Complaint.

## SIXTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law
### (All Plaintiffs)

93.  Repeat and reallege each and every response to the allegations set forth in Paragraph 1 through 92 of the Complaint, inclusive, as if fully set forth herein.

94.  No response is required to the allegation set forth in paragraph 94 to the extent they call for a legal conclusion; therefore, defendants deny each and every allegation set forth in paragraph 94 of the Complaint.

95.  Deny each and every allegation set forth in paragraph 95 of the Complaint.

96.  Deny each and every allegation set forth in paragraph 96 of the Complaint.

## SEVENTH CAUSE OF ACTION
### Spread-of-Hours Pay Under New York Labor Law
### (All Plaintifs)

97.  Repeat and reallege each and every response to the allegations set forth in Paragraph 1 through 96 of the Complaint, inclusive, as if fully set forth herein.

98.  Deny each and every allegation set forth in paragraph 98 of the Complaint.

99.  Deny each and every allegation set forth in paragraph 99 of the Complaint.

## EIGHTH CAUSE OF ACTION
### Reimbursement for Required Bicycles Under New York Labor Law
### (Delivery Personnel Plaintiffs)

100.  Repeat and reallege each and every response to the allegations set forth in Paragraph 1 through 99 of the Complaint, inclusive, as if fully set forth herein.

101. Deny each and every allegation set forth in paragraph 101 of the Complaint.

102. Deny each and every allegation set forth in paragraph 102 of the Complaint.

## NINTH CAUSE OF ACTION
### Retaliation under New York Labor Law
### (All Plaintiffs)

103. Repeat and reallege each and every response to the allegations set forth in Paragraph 1 through 102 of the Complaint, inclusive, as if fully set forth herein.

104. No response is required to the allegation set forth in paragraph 104 to the extent they call for a legal conclusion; therefore, defendants deny each and every allegation set forth in paragraph 104 of the Complaint.

105. Deny having knowledge or information sufficient to form a belief as to the truth of the matter alleged in paragraph 105 of the Complaint; therefore, defendants deny each and every allegation set forth in paragraph 105 of the Complaint.

106. Deny each and every allegation set forth in paragraph 106 of the Complaint.

107. Deny each and every allegation set forth in paragraph 107 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110.    Plaintiffs' claims are barred, in whole or in part, because at all time relevant hereto, defendants have acted in good faith and have not violated any rights that may be secured by Plaintiffs under any federal, state or local law, rules or regulations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

111.    Plaintiffs' claims are barred, in whole or in part, for failure to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

112.    Plaintiffs' claims are barred, in whole or in part, because defendants' actions at all time relevant hereto are motivated by legitimate business purposes.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

113.    Each and every action taken by Defendants with respect to plaintiffs is justified by business necessity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

114.    Plaintiffs' claims are barred, in whole or in part, by the failure of certain plaintiffs to perform at the level required by defendants or to comply with the policy, rules and procedures of defendants.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

115.    Plaintiffs' claims fail to establish that any of the alleged defendants' violation was willful.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

116.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, estoppel and laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

117.    Plaintiffs' claims are barred, in whole or in part, because at all time relevant hereto, defendants acted in good faith with respect to Plaintiffs and had reasonable grounds to believe that the act or omissions alleged did no violate any applicable law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

118.    The relief sought by Plaintiffs is barred, in whole or in part, by the fact that they were paid all compensation and benefits to which they were lawfully entitled and to which they voluntarily agreed and expected.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

119.    Plaintiffs have failed to state a claim for retaliation because any alleged adverse employment were neither under defendants' control or directly caused or initiated by Plaintiffs themselves.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

120.    Plaintiffs' claim are barred, in whole or in party because they have failed to satisfy the applicable statutory prerequisites for their purposed claims.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

121.    Defendants reserve the right to assert additional affirmative and other defenses as they become known during the course of discovery.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

122. Defendants reserve the right to assert that some or all of Plaintiffs' claims and/or their demands are barred or are otherwise not actionable because of the after acquired evidence doctrine and conduct of plaintiffs if the facts reveal this to be the case upon completion of discovery.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

123. Defendants reserve the right to amend their Answer to raise additional affirmative defenses or pursue any available counterclaims against Plaintiffs.

**WHEREFORE**, Defendants respectfully request that the Court:

a. Dismiss Plaintiffs' Complaint in its entirety with prejudice;

b. Deny each and every demand and prayer for relief contained in the Plaintiff's Complaint;

c. Award Defendants reimbursement for reasonable attorneys' fee and costs it incurs in defending Plaintiffs' Complaint which is frivolous, unreasonable and without foundation; and

d. Grant Defendants such other and further relief as the Court deems just and proper.

Dated: April 22. 2008
New York, New York

                                      Respectfully submitted

                                      Wong, Wong & Associates, P.C.
                                      150 Broadway, 1588
                                      New York, New York 10038
                                      Tel: (212) 566-8080
                                      Fax: (212) 566-8960

/s/___Jenny Zhao___
By: Jenny Zhao (JZ3134)

ATTORNEYS FOR DEFENDANTS
KAWA SUSHI INC., KAWA SUSHI 8
AVENUENUE, INC., KAWA SUSHI II,
INC., YI XIANG CAO, XIN JIE WANG,
PING ZHUANG WANG, ZI LI KE, and YI
FENG WANG,