THE LAW OFFICES OF SCOTT B. TULMAN
& ASSOCIATES, PLLC
Susan Papano (SP-2294)
369 Lexington Avenue, Suite 1500
New York, New York 10017
(212) 867-3600
Attorneys for Defendant Sushi a la Kawa 22, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HONG S. HAN, WEN D. LIN, TIAN W. YE, XIAO
X. LIAN, LI C. CHEN, and CAI S. CHEN,           Civil No. 08 CV 02060 (SAS)
                Plaintiffs,

      v.                                              ANSWER OF
                                                               SUSHI A LA KAWA 22, INC.
KAWA SUSHI INC., KAWA SUSHI 8 AVENUE,
INC., KAWA SUSHI II, INC., SUSHI A LA           JURY TRIAL
KAWA 22, INC., YI XIANG CAO, XIN JIE            DEMANDED
WANG, PING ZHUANG WANG, ZI LI KE, and YI
FENG WANG,
                Defendants.
-----------------------------------------------------------------X

      Defendant SUSHI A LA KAWA 22, INC., ("Defendant"), by and through its attorneys, The Law Offices of Scott B. Tulman & Associates, PLLC, answers and responds to the complaint of Hong S. Han, Wen D. Lin, Tian W. Ye., Xiao X. Lian, Li C. Chen and Cai S. Chen (collectively referred to herein as the "Plaintiffs") as follows:

    1.    Denies the allegations contained in paragraph 1 of the complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 1 of the Complaint.

1

2. Denies the allegations contained in paragraph 2 of the Complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations of paragraph 3 of the Complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendant believes no response is required to the allegations contained in paragraphs 6, 7 and 8 of the Complaint insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

7. Denies the allegations contained in paragraphs 9 through 16 of the Complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in these paragraphs.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

9. Denies each and every allegation set forth in paragraph 18 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

13.     Denies each and every allegation set forth in paragraph 22 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23 through 30 of the Complaint.

15.     Defendant believes no response is required to the allegations contained in paragraphs 31 and 32 of the Complaint insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies each of the allegations contained therein, except that it admits that Defendant has employees who engage in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except admits that Defendant provided services in New York..

17.     Denies that Defendant ever employed any of the Plaintiffs, and denies knowledge or information sufficient to form a belief to the truth of the remaining allegations contained in paragraph 34 of the complaint.

18.     Defendant believes no response is required to the allegations contained in paragraph 35 of the Complaint insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies that it failed to

3

compensate Plaintiffs as required by law, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the complaint.

19. Defendant believes no response is required to the allegations contained in paragraphs 36 and 37 of the Complaint insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint; except denies that it ever paid any wages to Plaintiffs, as they were never employed by Defendant.

21. Defendant believes no response is required to the allegations contained in paragraphs 39, 40, 43 and 44 of the Complaint insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies the allegations contained in these paragraphs insofar as such allegations pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 41 and 42 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 45 of the Complaint.

24. Defendant believes no response is required to the allegations contained in paragraphs 46 and 47 of the Complaint insofar as the allegations state conclusions of law;

however, to the extent that a response is required, Defendant denies the allegations contained in these paragraphs.

25.    Denies the allegations of paragraph 48 of the Complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 49 and 50 of the Complaint.

27.    Denies the allegations of paragraph 51 of the Complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51.

28.    Denies the allegations of paragraphs 52 through 63 of the Complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 52 through 63 of the Complaint.

29.    Defendant believes no response is required to the allegations contained in paragraphs 64 through 67 of the Complaint, as well as paragraph 69 of the Complaint, insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies the allegations contained in these paragraphs.

30.    Denies the allegations of paragraphs 68, 70 and 71 of the Complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in these paragraphs.

31.	In response to Plaintiffs' allegations in paragraphs 72, 77, 82, 85, 89, 93, 97, 100, and 103, Defendant repeats and realleges its previous responses to the corresponding allegations of the Complaint, as if more fully set forth at length herein.

32.	Defendant believes no response is required to the allegations contained in paragraphs 73 through 75 of the Complaint, insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies the allegations contained in these paragraphs.

33.	Denies each and every allegation contained in paragraph 76 of the Complaint.

34.	Defendant believes no response is required to the allegations contained in paragraphs 78 through 80 of the Complaint, insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies the allegations contained in these paragraphs.

35.	Denies each and every allegation contained in paragraph 81 of the Complaint.

36.	Defendant believes no response is required to the allegations contained in paragraph 83 of the Complaint, insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies the allegations contained in this paragraph.

37.	Denies each and every allegation set forth in paragraph 84 of the Complaint.

38.	Defendant believes no response is required to the allegations contained in paragraph 86 of the Complaint, insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies the allegations contained in this paragraph.

39. Denies the allegations of paragraph 87 of the Complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

40. Defendant denies each and every allegation contained in paragraph 88 of the Complaint.

41. Defendant believes no response is required to the allegations contained in paragraphs 90, 91, 94, 95, 98, 101, 104 and 105 of the Complaint, insofar as the allegations state conclusions of law; however, to the extent that a response is required, Defendant denies the allegations contained in these paragraphs.

42. Denies each and every allegation set forth in paragraph 92 of the Complaint.

43. Denies each and every allegation set forth in paragraphs 96, 99, 102 and 107 of the Complaint.

44. Denies each and every allegation set forth in paragraph 106 of the Complaint insofar as they pertain to Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted as against Defendant Sushi a la Kawa 22, Inc.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, waiver and estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47.     Plaintiffs' claims are barred, in whole or in part, because at all times relevant hereto, Defendant acted in good faith and did not violate any rights that Plaintiffs may have under any federal, state or local law, rules or regulations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48.     Plaintiffs' claims are barred, in whole or in part, as a result of their failure to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49.     To the extent the Complaint asserts claims for either (a) liquidated damages; or (b) compensation beyond the minimum wage for hours actually worked by Plaintiffs, such claims are barred.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50.     Plaintiffs' claim are barred, in whole or in part, because they have failed to satisfy  applicable statutory prerequisites for such claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51.     Plaintiffs' claims are barred, in whole or in part, because at all times relevant hereto, Defendant acted in good faith with respect to Plaintiffs and had reasonable grounds to believe that the acts or omissions alleged did not violate any

applicable law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiffs have failed to state a claim for retaliation because any alleged adverse employment was either not under Defendant's control or was directly caused or initiated by Plaintiffs themselves.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53. Defendant reserves its right to amend its answer to assert other affirmative defenses as may be warranted as discovery proceeds.

**WHEREFORE**, Defendant demands judgment against the Plaintiffs:

a. Dismissing Plaintiffs' Complaint against Defendant in its entirety with prejudice;

b. Denying Plaintiffs' demands for preliminary and permanent injunctions against the Defendant;

c. Denying Plaintiffs' claims for compensatory, liquidated, punitive and other damages as against Defendant;

d. Denying Plaintiffs' claims for pre-judgment interest, costs and attorneys' fees as against Defendant;

e. Awarding Defendant the reimbursement of its reasonable attorneys' fees, costs and disbursements necessarily incurred in connection with the defense of this frivolous action; and

f. Granting Defendant such other and further relief as the Court deems just and proper.

Dated: May 8, 2008
New York, New York

                                The Law Offices of Scott B. Tulman
                                & Associates, PLLC
                                Attorneys for Defendant

                                By: /S/_____
                                    Susan Papano (SP-2294)

                                369 Lexington Avenue
                                Suite 1500
                                New York, New York 10017
                                (212) 867-3600